**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

ELECTRONIC PRIVACY CENTER, *et al.*,

Plaintiffs,

v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,

Defendants.

Civ. A. No. 8:26-cv-03457-PX

**MOTION FOR RECONSIDERATION**

Pursuant to Federal Rules of Civil Procedure 54(b) and 6(b), Defendants seek reconsideration of the Court's order granting Plaintiff its request for an expedited summary judgment motion schedule. ECF 8. Plaintiff's motion (ECF 7) was opposed, but the Court did not wait for Defendants' opposition to be filed before it granted the motion. Indeed, the Court's order mistakenly stated that the Court considered "all responses" to the Plaintiff's when no responses had yet been submitted, and the Court's order issued the morning after Plaintiff's after-hours motion was filed. The Court granted a schedule that gives Defendants seven days to file an opposition to the Rule 56 motion but only 3.5 of those are business days given the Labor Day holiday. Meanwhile, Plaintiff gets a regular week for their reply (five business days). Defendants respectfully request that the Court reconsider its Order and enter a more reasonable schedule for the summary judgment motion. In support, Defendants state as follows:

1. There is no need for an expedited summary judgment schedule. Plaintiffs could have moved for a preliminary injunction but chose instead to move for summary judgment – but on a preliminary injunction schedule. Plaintiffs cannot satisfy the *Winter* factors for a preliminary injunction, however, because they face no imminent or irreparable harm. Defendants advised Plaintiff that the portal Plaintiff highlighted in its motion to shorten time was *not* in fact going live on September 4. Defendants also committed to Plaintiff's counsel that they would provide Plaintiff with 48-hours advance notice before any portal did go live, leaving Plaintiff time to seek and obtain a temporary restraining order. ECF 7 at 2. Accordingly, there is no basis for preliminary relief, and no basis to expedite merits briefing on summary judgment.

2. The schedule that the Court entered is not reasonable. Plaintiff is challenging an Executive Order issued over five months ago, *See Ensuring Citizenship Verification and Integrity in Federal Elections* (the "2026 Elections EO"), Exec. Order No. 14399, 91 Fed. Reg. 17125 (March 31, 2026), and a Department of Homeland Security Memorandum ("DHS Memo") on implementing that Executive Order that issued June 8, 2026. Thus, Plaintiff has had multiple months to prepare a lengthy motion with 35 exhibits, including a declaration with numerous exhibits. The Court's schedule gives the Defendants part of one day before a holiday, and three business days after the holiday to respond. That response needs to include consultations and declarations from multiple agency defendants over a holiday weekend when numerous agency personnel are already on leave. The Court's order

then functionally gives Plaintiff more time on reply than it gives Defendants to oppose.

3. The normal rule in this District is that parties should have 14 days to respond to a dispositive motion, and 14 days for a reply. *See* Local Rule 105 (2). Shorter briefing requires good cause, which is lacking here, and which the Court failed to find in its order granting the motion. Because Defendants have provided assurances that no exigency exists vis-a-vis the September 4 date and also promised to provide sufficient notice of any action to come such that Plaintiff could seek the appropriate relief, no good cause exists here to shorten the ordinary deadlines applicable to the motion Plaintiff filed. If Plaintiff wanted more immediate relief, then it should have sought emergency relief under Fed. R. Civ. P. 65. Perhaps Plaintiff understood that it could not meet the relevant factors for preliminary injunctive relief. The solution, however, is not a summary judgment schedule that short-circuits the government's ability to respond.

4. At the end of day, this is, by Plaintiff's choosing, a motion for partial summary judgment motion and not an emergency motion. Complete briefing ultimately benefits the Court by fleshing out legal issues in a manner that best assists the Court in reaching a decision. Providing the government with so little time to respond while giving Plaintiff the benefit of an aggressive and hasty schedule, including a week for a reply brief, deprives the Court of comprehensive and well-reasoned briefing by both parties. Indeed, giving the government its full 14 days but not having a reply brief would result in this matter being briefed and ready for

decision in the same time as the current schedule. Defendants therefore ask that the Court reconsider its Order compressing the briefing schedule and re-set the schedule to allow Defendants 14 days in which to oppose Plaintiff's motion.

5. Defendants have conferred with Plaintiff's counsel prior to filing this motion. Plaintiff indicated that it opposes the relief sought.

Respectfully submitted,

Sept. 4, 2026

KELLY O. HAYES
United States Attorney

*/s/ Thomas Corcoran*______
THOMAS CORCORAN
Chief, Civil Division
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4834
Thomas.Corcoran@usdoj.gov

*Attorneys for Defendants*