**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>Defendants. | Case No. 8:26-cv-03457-PX |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

The Court acted well within its discretion to enter an expedited partial summary judgment briefing schedule in this case. As established in Plaintiff's Motion to Expedite, quick judicial review is necessitated by Defendants' own conduct. Plaintiff challenges Defendants' flagrantly illegal efforts to rapidly compile and disseminate the sensitive personal data of millions of Americans to influence voting in federal elections, starting with the fast-approaching November 3 midterm elections. Defendants have not rescinded the memorandum adopting this course of action, which was signed by DHS Secretary Mullin. They have not contested the impending harms that Plaintiff is suffering because of these actions. Nor have they provided clarity about their timeline for disclosure, which intensifies Plaintiff's injuries. Rather, in seeking reconsideration of this Court's expedited briefing schedule, Defendants insist that their commitment to provide Plaintiff with a mere "48-hours advance notice" before disclosing millions of American's private data alleviates the need for expedition.

Not so. Defendants would delay judicial review on the merits in favor of litigating emergency relief on the same claims, in an even more expedited fashion, at some future date of

their choosing. By their calculation, their offer of 48 hours' notice for Plaintiff to seek emergency relief—and for this Court to rule on any such motion[1]—renders the Court's expedited summary judgment briefing schedule unreasonable. This is absurd on its face.

Moreover, Defendants cannot dictate the manner in which Plaintiff pursues its claims—which, as laid out in the Motion to Expedite, Plaintiff has done diligently. What Defendants do control (barring a court order), however, is the timing of their unlawful disclosure of American's data in aid of the government's unprecedented and unlawful intrusion into election administration. Their secrecy around this timing and their insistence on providing only 48 hours' advance notice underscores the need for expedited briefing.[2] Accordingly, and for the additional reasons laid out below and in Plaintiff's Motion to Expedite, Defendants' Motion for Reconsideration should be denied.

## ARGUMENT

To prevail on their motion for reconsideration under Federal Rule of Civil Procedure 54(b), Defendants must show "(1) substantially different evidence discovered during litigation, (2) an intervening change in law, or (3) clear error [in the challenged order] causing manifest injustice." *Clear Touch Interactive, Inc. v. Ockers Company*, 171 F.4th 715, 729 (4th Cir. 2026). Defendants' Motion fails even to acknowledge this standard, let alone meet it.

### I. Expedited briefing is necessitated by Defendants' own commitment to establish the State Citizenship List Portal before the November midterm elections.

The Trump administration is fixated on inserting itself in States' election administration duties, sowing confusion and chaos by attempting to shift how elections work on the eve of the

[1] Defendants do not explain why they would have difficulty coordinating with agencies to obtain declarations in a few days to support their opposition to Plaintiff's motion for summary judgment, but could oppose emergency briefing in a day's time. That is simply not likely, so in the emergency briefing scenario, Defendants would presumably also be asking this Court to extend the briefing timeline.

[2] Plaintiff, of course, would agree to a request to extend the Court's briefing schedule if Defendants agreed to delay any data sharing until after the Court has issued a decision.

November midterm elections. *See Ensuring Citizenship Verification and Integrity in Federal Elections* (the "2026 Elections EO"), Exec. Order No. 14399, 91 Fed. Reg. 17125 (March 31, 2026). The administration remains committed to the plan it announced in that Executive Order, despite multiple judicial rulings against it, the government's own acknowledgment that the primary data sources for the forthcoming State Citizenship Lists are inaccurate, and even as it became clear that Defendants would not meet their September 4 deadline for producing those lists—a date that was already unworkably close to the midterms, and is now drifting closer by the day. *See* ECF No. 7-1 at 5-6 (citing sources showing data unreliability); *see also* ECF Nos. 7-16, 7-17, 7-29; Application for a Stay, *Trump v. California*, No. 26A214, 2026 WL 2170485, at *27 (U.S. July 27, 2026) (arguing for a stay, which was granted, of a lower court injunction of part of the 2026 Elections EO that the government claimed interfered with its ability to "ensure voter integrity in the upcoming November 2026 election"). The closer Defendants' efforts get to election day, the greater the chaos that will ensue.

All the while, the administration has attempted to shroud its actions in secrecy, leaving the American public to guess at its plans. Limited information made its way to the public via litigation, but Defendants themselves have long been mum, including as timelines appeared to shift. Indeed, as recently as a few days ago, Defendants offered Plaintiff only 48-hours' advance notice of the State Citizenship Lists' distribution, which is significantly less than the 30-days' notice that the Privacy Act requires. *See* ECF No. 7-1 at 10-14. Given this timeline, an ordinary summary judgment briefing schedule, under which Plaintiff's motion for partial summary judgment would not be capable of adjudication until October, is inconsistent with meaningful judicial review of Defendants' unlawful acts.

Indeed, insofar as there have been intervening "litigation develop[ments]," *Clear Touch Interactive, Inc.*, 171 F.4th at 728, they counsel strongly *in favor* of expedition. First, on September 4, after the Court entered its scheduling order, the D.C. Circuit denied the government's motion for a stay pending appeal of the district court's order vacating the modified SAVE system, and reaffirmed that the Social Security Administration citizenship data on which Defendants intend to rely for their State Citizenship Lists, *see* ECF No. 7-3, is "inaccurate," Per Curiam Order at 8, *League of Women Voters v. DHS*, No. 26-5243 (D.C. Cir. Sept. 4, 2026), https://perma.cc/W4LF-MJVE. This inaccuracy, coupled with Defendants' ongoing efforts to build State Citizenship Lists in the face of looming elections, underscores the need to expedite these proceedings. And second, on September 6, after Defendants moved for expedition, the administration doubled down on its commitment to implement the 2026 Elections EO before the "upcoming elections." Application for a Stay at 5, 6, 29-30, *U.S. Postal Serv. v. California*, No. 26A305 (U.S. Sept. 6, 2026), https://perma.cc/C3NE-LHM3.

## II. Plaintiff has diligently and reasonably advanced its claims.

Despite the confusion and secrecy surrounding implementation of Section 2(a) of the 2026 Elections EO, Plaintiff has diligently pursued its claims as soon as it could show they were appropriate for judicial adjudication. *Cf. Trump v. California*, 609 U.S. ----, 2026 WL 2473573, at *4-5 (2026) (staying an injunction of part of the 2026 EO in separate litigation, finding that the matter was brought at too early a stage, when the harms were too speculative and the claims unripe.). On June 25, another district court enjoined Section 2(a) of the 2026 Elections EO as to the plaintiff states in that case and held the provision was "legally void," mitigating the need for this litigation at that point. *See California v. Trump*, --- F. Supp. 3d ----, 2026 WL 1826490, at *17 (D. Mass. 2026). But when the Supreme Court stayed that decision, Plaintiff moved quickly,

bringing this suit only one week after the Supreme Court's stay decision. *See Trump*, 2026 WL 2473573, at *5 (staying injunction on August 24, 2026); ECF No. 1 (lawsuit filed on August 31, 2026). And Plaintiff moved for partial summary judgment just three days later. *See* ECF No. 7.

### III. Moving for summary judgment at this early stage is entirely permissible, particularly given Defendants' clear disregard of the law.

Defendants seem to claim that Plaintiff was required to move for emergency relief instead of moving for summary judgment at this early stage. Not so. As Plaintiff previously noted, a "motion for summary judgment may be filed at any time … , even as early as commencement of the action." *Atrium Corporate Capital Limited v. Williams*, 2023 WL 8282769, at *2 n.3 (D.S.C. 2023) (citing Fed. R. Civ. P. 56(b)).

It is the plainness of Defendants' legal violations, many of which require no factual development, that makes this matter capable of being decided early on summary judgment. *See Quarcoo v. EDLOW*, No. 25-cv-2484-DLB, 2026 WL 2491214, at *15 (D. Md. Aug. 25, 2026) (ruling on APA claims without the administrative record is appropriate where "a party presents purely legal contrary-to-law claims divorced from arbitrary-and-capricious claims"). Plaintiff sees no reason to waste judicial and party resources by adding an early stage of emergency litigation, when at least some of Plaintiff's claims are capable of full resolution on the merits.

Finally, the vast majority of the exhibits attached to Plaintiff's motion for partial summary judgment are matters of public record or government records that were recently produced in other ongoing litigation, with which the government should be readily familiar.

### IV. This Court has wide discretion to manage its own docket, including by expediting briefing.

Courts have wide discretion in how they manage their own dockets, including by exercise of their "[i]nherent powers" which are "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *United States v. Oliver*, 878 F.3d

120, 124 (4th Cir. 2017) (quoting *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007)). Exercising "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).[3] Plaintiff submits that the expedited briefing schedule ordered by this Court (ECF No. 11) properly balances Plaintiff's diligence and the need for speedy judicial review with Defendants' own timing considerations.

**CONCLUSION**

Defendants' Motion for Reconsideration should be denied.

[3] Though some courts in this district employ a "good cause" standard for some modifications of a scheduling order—namely, requests made after a deadline has passed—it is far from clear that Defendants are correct that the "good cause" standard applies to Plaintiff's early request to expedite briefing; regardless, Plaintiff meets this standard for the reasons articulated herein. *See* ECF No. 8 at 3 n.1 (explaining this point at length).

Dated: September 6, 2026

Respectfully submitted,

/s/ Nikhel S. Sus
Nikhel S. Sus (Bar No. 31090)
John B. Hill**
Reuven Dashevsky**
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
nsus@citizensforethics.org
jhill@citizensforethics.org
rdashevsky@citizensforethics.org

John Davisson*
Mayu Tobin-Miyaji*
ELECTRONIC PRIVACY INFORMATION CENTER
1519 New Hampshire Ave. NW
Washington, D.C. 20036
(202) 483-1140
davisson@epic.org
tobin-miyaji@epic.org

R. Orion Danjuma*
Julia L. Torti*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
orion.danjuma@protectdemocracy.org
jules.torti@protectdemocracy.org

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
(202) 934-4237
sara.chimene-weiss@protectdemocracy.org

Jane Bentrott*
Shelby Teeter*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite #163
Washington, DC 20006
(202) 579-4582
jane.bentrott@protectdemocracy.org
shelby.teeter@protectdemocracy.org

*Counsel for Plaintiff*

* *Pro hac vice* motion forthcoming
** *Pro hac vice* motion filed