**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, <br><br> Defendants. | No. 8:26-cv-03457-PX |

**MOTION TO STAY RESPONSE TO COMPLAINT *NUNC PRO TUNC* OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO THE COMPLAINT**

Defendants respectfully request a stay of Defendants time to respond to the Complaint, *nunc pro tunc*, during the pendency of Plaintiff's motion for partial summary judgment. Alternatively, Defendants request a thirty-day extension of time from the date of this filing in which to respond to the Complaint. As good cause for this request, Defendants state the following:

1. Plaintiff filed its Complaint on August 31, 2026. ECF No. 1.

2. Three days after filing suit, Plaintiff sought expedited summary judgment as a matter of law on Counts I–IV of the Complaint, with respect to a June 8, 2026 DHS Memo (which forms the basis for the core dispute in this case). ECF No. 7. In other words, Plaintiff asserted that no material disputes of fact existed with respect to Counts I-IV and that Plaintiff was therefore entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Defendants opposed the motion one week later, ECF No. 36, and the Court held a hearing on Plaintiff's motion on September 25, 2026.

3. Following that hearing, the Court ordered supplemental briefing to address the Supreme Court's decision in *DHS v. League of Women Voters*, No. 26A308, 609 U.S. ----, 2026 WL 2879700 (Sep. 25, 2026). That briefing was completed on October 2, 2026. *See* ECF Nos. 50, 51.

4. Defendant's response to the Complaint was due on November 2, 2026. Defendants did not respond by that date and have not done so as of the date of this Motion. Counsel became aware of the missed deadline on Friday, November 20, 2026, when Plaintiff's counsel sent an email inquiring about the missed deadline. This oversight was as a result of counsel's failure to calendar the response date given the emergency nature of expedited summary judgement motion and due to the press of litigation and deadlines in other matters. This includes the filing of multiple briefs in other significant litigation matters, court appearances, successful negotiations for a settlement in a long-running litigation, significant discovery including multiple depositions in another matter and production multiple administrative records. For example, counsel filed briefs in *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 05-cv-03459 (C.D.C.A) (motion to intervene) and *de Csepel v. Hungary*, 10-cv-01261 (D.D.C) (motion to intervene), filed motions, made court appearances and produced an administrative record in *GHC* v. *Trump*, 25-cv-402 (D.D.C.); took multiple depositions in *Talbott v. Trump*, 25-cv-240 (D.D.C.); and produced an administrative record in *Calif. v. DOT*, 25-cv-2574 (W.D.WA).

5. This oversight, which counsel deeply regrets, nonetheless constitutes good cause justifying a grant of an extension of time, *nunc pro tunc*, in which to consider this motion for stay or alternatively to extend the time to respond. Under Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P.

6(b)(1)(B). Here, the unusual posture of the proceedings and the press of other matters led to an unintentional failure to calendar the response date, thereby causing counsel to miss the deadline.

6. Plaintiff will suffer no delay from the court's consideration of Defendants' stay request or extension of time. Plaintiffs acknowledged in their motion papers that should the Court grant the pending motion for partial summary judgment "*on any count*, it may dismiss the remaining claims without prejudice as 'prudentially moot' and enter final judgment." ECF No. 7-1 at 2, note 2 (emphasis added). Thus, by Plaintiff's own admission, its pending motion might resolve this entire matter without the need for further proceedings. A stay of the government's response time will therefore be the most efficient course for all parties and the Court and is within the sound discretion of the court to grant. *See Landis v. North American Co*., 299 U.S. 248, 254-55 (1936); *Rose v. Balt. Cty., Maryland*, 2025 WL 1294886 at *1 (D. Md May 5, 2025) (quoting *Landis*).

7. If the Court grants the pending motion for summary judgment, the case in district court will be over. If the Court denies the motion, in whole or part, the Court's decision will narrow the issues for the next stage in the proceedings. In either case, the Government will likely file a motion to dismiss under Rule 12 in lieu of an answer. Accordingly, a stay presents no prejudice to Plaintiff, and an extension of time will at most result in a short delay in the briefing of the Defendants' Rule 12 motion. Moreover, the exigency of the upcoming elections that Plaintiff cited as the reason for bringing emergency proceedings no longer exists, and the Court's order requiring advance notice "of any activation of the portal or provision of state citizenship lists, or state citizenship list data information" remains in place. June 25, 2026 Order, ECF No. 48.

8. Under Local Rule 105(9), Defendants' counsel conferred with Plaintiff's counsel via email with respect to this motion. Plaintiff's counsel stated the following:

> Plaintiff does not oppose an extension of Defendants' deadline to file an *Answer* to the Complaint. Indeed, rather than seeking default judgment from the Court, Plaintiff brought

> Defendants' failure to file a timely Answer to counsel's attention. However, Plaintiff opposes any extension of Defendants' deadline to file a Rule 12 motion. Such an extension would be prejudicial to Plaintiff, including because Defendants have already missed their deadline to file a motion to dismiss, Defendants will nonetheless have substantial additional time to prepare their responsive pleading, and because an extension would indefinitely delay production of an Administrative Record. Further, Defendants lack *both* the requisite good cause for an extension and excusable neglect for their missed deadline, as mandated under Federal Rule of Civil Procedure 6(b).

9. Plaintiff's response suggests that Defendants have waived their right to move to dismiss under Rule 12. But subject matter jurisdiction, "because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006), citing *United States v. Cotton,* 535 U.S. 625, 630 (2002); *see also Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022) (quoting *Arbaugh)*. Even had Defendants timely answered the Complaint, it could have moved the next day to dismiss under Fed. R. Civ. P. 12(c). Nor has Plaintiff identified prejudice to granting the requested relief beyond the alleged delay of receiving an Administrative Record. But that claim rings hollow because the government can always move to dismiss, and because the Plaintiff has already moved for summary judgment, thereby representing that there are no material disputed facts with respect to Counts I-IV, and no need for an Administrative Record. And, Plaintiff has represented that granting summary judgment on any count would render the remaining counts "prudentially moot."

10. Plaintiff's suggestion that it could have sought a default judgment also rings hollow. A default judgment is a draconian remedy rarely granted, and virtually never against the government – particularly for failure to respond timely to a complaint. *See* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a right to relief by evidence that satisfies the court."); *Johnson v. United States,* No. 4:01-CR-01003-CWH-L, 2016 WL 2659543, at *4 (D.S.C. May 9, 2016) ("The Court declines to

take the drastic measure of entering a default judgment in the present case, particularly where courts have been unwilling to enter a default judgment against the United States even where the government actually failed to file a timely response) (citing cases); *Barnes v. United States*, 2014 WL 1874985 at *8 (D. Md. May 8, 2014) (refusing to grant a default judgment merely "because the Government was late in filing a written response" to Defendant).

11. Defendants therefore respectfully request a stay of Defendants' time to respond to the Complaint, *nunc pro tunc*, until after the Court rules on Plaintiff's pending motion for partial summary judgment. Alternatively, Defendants request a thirty-day extension of time from the date of this filing in which to respond to the Complaint.

Dated: November 23, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Joshua N. Schopf*
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-6304
Email: joshua.n.schopf@usdoj.gov

*Counsel for Defendants*